UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY CATLIN,<br><br>　　　　Defendant. | No. 2:16-cv-00999-KJM-KJN<br><br>ORDER |

On May 11, 2016, defendant Jeffrey Catlin, proceeding pro se, removed this unlawful detainer action from Yuba County Superior Court. ECF No. 1. As explained below, the court REMANDS the case to Yuba County Superior Court.

I.  SUBJECT MATTER JURISDICTION

　　A.  Legal Standard

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity-in-citizenship jurisdiction under 28 U.S.C. § 1332.

1

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-in-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

B.  Discussion

Mr. Catlin's Notice of Removal asserts the court has federal question jurisdiction under § 1331 because his answer "assert[s] a defense arising under the express terms of a Federal statute." ECF No. 1 at 2. The complaint plaintiff filed in state court asserts only a claim for unlawful detainer under California Code of Civil Procedure section 1161a, which is a matter of state law. *See* ECF No. 1 at 9.

As stated above, Mr. Catlin's answer or counterclaim cannot serve as the basis for federal question jurisdiction, *see Vaden*, 556 U.S. at 60. Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint does not show

that it is based upon federal law, the court does not have federal question jurisdiction over the action.

Neither does the court appear to have diversity jurisdiction. Plaintiff's complaint seeks possession of the property and damages of $27.07 per day for each day from March 2, 2016 until the date of judgment. ECF No. 1 at 11. Because these damages are not likely to total more than $75,000, and Mr. Catlin has provided no other evidence or allegations as to the amount in controversy, the court does not appear to have diversity jurisdiction over the action.

II.     CONCLUSION

For the foregoing reasons, this action is REMANDED to Yuba County Superior Court.

IT IS SO ORDERED.

DATED: June 6, 2016.

_____
UNITED STATES DISTRICT JUDGE